IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **TERRY R. KNOWLES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 14-cv-3219 |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant.  ) | |

ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Plaintiff Terry Knowles has appealed from the denial of his application for Social Security Disability Insurance Benefits and Supplemental Security Income.  See 42 U.S.C. §§ 405(g), 416(i), 423, 1381a, and 1382c, 1383(c).

On January 6, 2016, United States Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation (d/e 15). Judge Schanzle-Haskins found that the ALJ's finding regarding Knowles's residual functioning capacity was adequately supported, and that the ALJ's finding that Knowles was not disabled was

supported by substantial evidence.  Judge Schanzle-Haskins recommended that the Court deny Knowles's motion for summary judgment (d/e 11), grant the Defendant's motion for summary affirmance (d/e 12), and affirm the Commissioner's decision.

Objections to the Report and Recommendation were due on January 25, 2016.  Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made.  Fed. R. Civ. P. 72(b)(3).  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

Having reviewed the record, the Report and Recommendation, the parties' motions and memoranda, the Court finds no clear error. The Court adopts the Report and Recommendation with the following edits:

1. On page 3, "…but used it…" becomes "…but he used it…"

2. On page 5, "…but ran out…" becomes "…but he ran out…"

3. On page 5, "…but did not…" becomes "….but he did not…"

4. On page 6, a comma is added after "persistence."

5. On page 8, "palpitation" becomes "palpation."

6. On page 8, "antidepressants" becomes "carbamazepine."

7. On page 9, "mid foot" becomes "middle of the foot."

8. On page 9, "palpitation" becomes "palpation."

9. On page 9, "…but could not…" becomes "but he could not."

10. On page 12, "…but only worked…" becomes "…but he only worked…"

11. On page 13, "while" becomes "when."

12. On page 15, "…was taking Carbitrol for…" becomes "…was taking Carbitrol, an anticonvulsant and mood stabilizer, for…"

13. On page 16, "…but did not…" becomes "…but he did not…"

14. On page 17, "…but did not…" becomes "…but the medicine did not…"

15. On page 21, the comma after "dexterity" is removed.

16. On page 21, "mid-foot" becomes "middle of the foot."

17. On page 22, "…but gave it…" becomes "…but he gave it…"

18. On page 22, "…limitation that opined by…" becomes "…limitation than opined by…"

19. On page 26, "…physical therapy or any other…" becomes "…physical therapy, or any other…"

20. On page 28, "…and could bend…" becomes "…and he could bend…"

21. On page 28, the comma after "walking" is removed.

22. On page 28, "…asks the Court reweigh…" becomes "…asks the Court to reweigh…"

**IT IS THEREFORE ORDERED THAT:**

**(1)    The Report and Recommendation (d/e 15) is ADOPTED with the edits listed above.**

**(2)    Knowles's motion for summary judgment (d/e 11) is DENIED.**

(3)   The Defendant's motion for summary affirmance (d/e 12) is ALLOWED.

(4)   The Decision of the Commissioner is AFFIRMED.

**THIS CASE IS CLOSED.**

ENTER: February 19, 2016

FOR THE COURT:

                        s/Sue E. Myerscough
                    SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE